## M. & J. TRACY, Inc., v. PAYNE.

(District Court, S. D. New York. January 22, 1923.)

Collision ⬅105—Evidence held insufficient to charge tug with fault, where no signals exchanged.

Evidence that no signals were exchanged with unobserved tug passing port to port during wind and darkness *held* to negative fault of latter for collision with coal barge in last tier of tow.

In Admiralty. Libel by M. & J. Tracy, Inc., against John Barton Payne. Libel dismissed.

Affirmed in 4 F.(2d) 158.

Park, Mattison & Lynch, of New York City (Anthony V. Lynch, Jr., of New York City, of counsel), for libelant.

Macklin, Brown & Van Wyck, of New York City (R. F. Lenahan, of New York City, of counsel), for respondent.

WARD, Circuit Judge. July 24, 1919, the coal barge Cape Sable was the port boat in the last tier of the light tow of the tugs Pencoyd and Ashbourne, from Ellis Island to Port Reading. About 2:40 a. m. of July 25, when near Shooters Island, an unidentified tug with a lighter on her starboard side passed the tow port to port; i. e., between the tow and the Staten Island shore, colliding with the Cape Sable. There was no exchange of signals. The respondent denies any knowledge whatever of the collision.

The Weather Bureau reports wind for the northwest between 2 and 3 a. m. 29 miles an hour, with 33 miles at 2:40, which would have the effect of setting the tail of the tow toward the Staten Island shore. The master of the Cape Sable, who was lying down in his cabin with his clothes on, says he was thrown to the floor, and that when he got out on deck he saw a tug going toward New York with a barge alongside, and that the tow was within 100 feet of the Staten Island shore. The night was dark, and he did not recognize the tug, nor know what damage his boat had suffered, nor did he make any complaint after the arrival at Port Reading, but only advised his owners over the telephone, who notified the respondent the same day, stating that the lighter struck the boat, which, after an interview with the captain, they corrected by a notice to the respondent on the 29th. I think this was a very natural mistake, resulting from misunderstanding the captain's report over the telephone.

I have no doubt that the damage was done exactly as stated by the captain of the Cape Sable, but there is no sufficient proof to hold the respondent responsible for it. The officer in charge of the Pencoyd, the leading tug, says that he did not pass any tug with a lighter near Shooters Island, and it was stipulated that, if the captain of the Ashbourne, which was near the tail of the tow, holding it up against the wind, were produced, he would testify that he knew nothing of the collision. As they did not know that a collision happened, the failure of the navigator of the Pencoyd to remember the fact of passing the tug and lighter is more likely than that the captain of the boat made up the story out of the whole cloth.

The fact that there was no exchange of signals when the unidentified tug was passing is evidence that nobody then anticipated any danger and that there was water enough to pass safely port to port. I attach no weight whatever to the estimate of distance of 100 feet from the Staten Island shore made by the master of the Cape Sable.

As I cannot say whether the Pencoyd, or the Ashbourne, or the unidentified tug was at fault, the libel must be dismissed.

---

M. & J. TRACY, Inc., Libelant Appellant, v. James C. DAVIS, as Director General, etc., Respondent Appellee.

(Circuit Court of Appeals, Second Circuit. October 20, 1924.)

No. 26.

Appeal from the District Court of the United States for the Southern District of New York.

Park, Mattison & Lynch, of New York City (Anthony V. Lynch, Jr., of New York City, of counsel), for appellant.

Macklin, Brown & Van Wyck, of New York City (Pierre M. Brown, of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Decree 4 F.(2d) 158 affirmed.